LAW OFFICES
# RANDOLPH WALZER ASSOCIATES, LLC

RANDOLPH WALZER, ESQ.
SARAH WALZER, ESQ.

P.O. BOX 1234
2042 W. COUNTY LINE ROAD · UNIT 8
JACKSON, NEW JERSEY 08527
TELEPHONE: 732-523-5300
FACSIMILE: 732-358-0562
E-MAIL: EMAIL@WALZERLAWFIRM.COM

31 March 2017

Clerk,
United States Bankruptcy Court
401 Market Street
Camden NJ 08101

        Re: Lamar Mack and Coretta Mack
        United States Bankruptcy Court
        Case No.: 17-14718
        (Claim of Mariner Finance LLC)

Dear Sir/Madam:

    Debtor has brought a Motion to compel Mariner Finance to turn over debtor's vehicle as well as to impose sanctions against Mariner Finance in the captioned matter returnable 11 April 2017. Please accept this letter-brief in lieu of a more formal brief in opposition to debtor's Motion. The short answer is that Mariner Finance LLC is not required to return the vehicle because the vehicle is not property of the Bankruptcy Estate pursuant to 11 USC Section 541. The vehicle is titled in a third party who is not Bankrupt.

    Initially, creditor argues that the Motion was improperly served. Bankruptcy Rule 9014 requires Motions in a contested matter to be "served in the manner provided for service of a Summons and Complaint by Rule 7004". FED. R. BANKR. P. 9014(b).

    Federal Rule of Bankruptcy Procedure 7004(b)(3) allows service to be made by first class mail:

Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint **to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process** and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. FED. R. BANKR. P. 7004(b)(3) (emphasis added).

In this case, debtors motion is addressed to "Mariner Finance Attn: President". There is no indication that an officer or agent was properly served. Thus, debtors motion should be denied as improperly served.

On a substantive basis, neither of the Bankrupt individuals were the owners of the subject motor vehicle. In New Jersey, N.J.S.A. 39:1-1 provides that an "owner" of a motor vehicle means a person who holds the legal title of a vehicle, ....". In the instant case, a copy of the title is enclosed herein providing that the 2007 Nissan pick-up truck herein is owned by "Daymar A. Harper". This individual is not part of the captioned Bankruptcy and, to creditors knowledge, is not himself Bankrupt. Thus, the debtors do not own the secured vehicle herein.

USC Section 541 denominated "property of the estate" lists property which is subject to the debtors estate and subject to the jurisdiction of the Bankruptcy Court. Such property includes all property in which the debtors have legal or equitable interests. The debtors do not own the secured vehicle herein pursuant to State Law or otherwise. Thus, creditor argues that the vehicle is not part of the Bankruptcy Estate and not subject to the jurisdiction of this court.

Debtor in its Motion also requests sanctions. Creditor knows that debtor's attorney was not aware that the secured vehicle was not in the debtor's name when this Motion was brought. There is no allegation that creditor improperly repossessed the vehicle. Further, creditor intends to exercise control of the vehicle until a decision is made by this Court. Therefore, if this Court determines that the vehicle should be returned, creditor will do so expeditiously. In that event, there is no prejudice to the debtors and no justification for sanctions.

Accordingly, creditor urges this Court not to grant debtor's Motion, and, if granted, not to impose sanctions herein.

Respectfully submitted,

/s/ Randolph Walzer

RW:aw
cc: Seymour Wasserstrum, Esquire