Morton & Craig LLC
John R. Morton, Jr., Esq.
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: 856-866-0100
Attorney for: Credit Acceptance Corporation


UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY


| | |
|---|---|
| In re: | Case No. 17-14718(JNP) |
| LAMRAK MACK | Chapter 13 |
| CORETTA MACK | |
| | Hearing date: 5-17-17 |
| | OBJECTION TO CONFIRMATION |

Credit Acceptance Corporation ("CAC"), a secured creditor of the debtor, objects to the debtor's plan for the following reasons:

a. **PLAN DOES NOT PAY INTEREST CRAMDOWN NOT PROPER:** Credit Acceptance holds a first purchase money security interest encumbering 2004 FORD F150 EXTENDED CAB XLT as a result of a retail installment contract executed by the debtor in connection with purchase of the vehicle. In May of 2017, with assumed mileage of 157,500 it had a clean retail value of $8,125 in the NADA Official Used Car Guide. The net loan balance at filing was $7618.20. The plan should be amended to pay CAC $7618.20 plus interest at 5%. The trustee should compute interest. If interest

was pre-computed, CAC would receive $8625.89 over 60 months.

b. **Proof of insurance:** CAC requests that the debtor provide it with proof that the vehicle is insured as required by 11 U.S.C. 1326(a)(4).

c. **Age of vehicle:** Due to the age of the vehicle, CAC requests that it be paid over the first two years of the plan.

d. **Adequate protection payments:** The plan violates 11 U.S.C. 361, 1325 and 1326. It fails to pay CAC adequate protection payments. CAC requests that it receive adequate protection payments in equal monthly payments of $334.22 so that it can be paid in full in two years. Adequate protection payments should be given super priority administrative expense status and paid ahead of attorney fees.

e. **Lien retention:** CAC must retain its lien on the vehicle after confirmation

/s/ John R. Morton, Jr.
John R. Morton, Jr., attorney for
Credit Acceptance Corporation

Dated: 5-4-17